Gerald Sobel
Benjamin C. Hsing
Kimberly Branch Koch
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022-3598
Telephone: (212) 836-8000
Facsimile: (212) 836-8686

Mark D. Petersen (State Bar No. 111956)
Lucas Huizar (State Bar No. 227111)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff
CHIRON CORPORATION

Richard P. Doyle, Jr. (State Bar No. 112459)
JANSSEN DOYLE LLP
2540 Camino Diablo, Suite 220
Walnut Creek, CA 94597
Telephone:   (925) 295-1800
Facsimile:   (925) 295-1801

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIRON CORPORATION,<br>Plaintiff,<br>**vs.**<br>SOURCECF, INC.; SOURCECF CLINICAL RESEARCH & DEVELOPMENT, L.L.C.; MAXOR NATIONAL PHARMACY SERVICES CORPORATION d/b/a IV SOLUTIONS; FOUNDATION CARE L.L.C.; and PHARMACEUTICAL SPECIALTIES, INC.,<br>Defendants. | Civil Action No.  C 05-01938 WHA<br><br>**JOINT COMMUNICATION RE JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**<br><br>Judge William H. Alsup<br><br>Date:   November 16, 2005<br>Time:   1:30 P.M.<br>Place:  Courtroom 9, 19th Floor |

The Court's August 22, 2005 Order Modifying Claim Construction Schedule requires the parties to file a Joint Claim Construction and Prehearing Statement by September 28, 2005.

## Plaintiff's Statement

Plaintiff Chiron Corporation ("Chiron") is unable to comply with this requirement because Defendants have not provided Chiron with the information necessary for Chiron to prepare such a joint statement.

As Defendants stated in their August 22, 2005 Communication Re Court Ordered Dates for Claim Construction, "Defendants have decided not to proceed in this litigation." Accordingly, the parties have been working on the language of an appropriate injunction that would resolve this lawsuit. In this regard, Chiron has proposed the following injunction to resolve this case:

Defendants are preliminarily and permanently enjoined from infringing, inducing infringement of, or contributorily infringing the '907 patent.

Defendants are preliminarily and permanently enjoined from:

1) Administering, dispensing, making, using, offering for sale, selling, or marketing in the United States or importing into the United States any compounded tobramycin formulation with a concentration of about 60 to about 200 mg/ml in a unit dose volume of 4.0 ml or less or the TOFIN™ formulation described in the ANDA Suitability Petition TOFIN™ (tobramycin for inhalation) filed by SourceCF with the United States Food and Drug Administration on March 11, 2004 ("the Suitability Petition") for use with the eFlow Electronic Inhaler by PARI or any other inhalation device which, like the eFlow Electronic Inhaler by PARI, has a rate of aerosol output of not less than about 4 µl/sec, delivers said compounded tobramycin formulation or said TOFIN™ formulation with a duration of nebulization of less than about 10 minutes, releases about 75% of the loaded dose, and produces aerosol particles having particle sizes between about 1 µm to about 5 µm (including but not limited to the eFlow Electronic Inhaler device described in the Suitability Petition );

2) Making, using, offering for sale, selling, or marketing in the United States or importing into the United States the eFlow Electronic Inhaler by PARI or any other inhalation device which, like the eFlow Electronic Inhaler by PARI, has a rate of aerosol output of not less than about 4 µl/sec, delivers said compounded tobramycin formulation or

said TOFIN™ formulation with a duration of nebulization of less than about 10 minutes, releases about 75% of the loaded dose, and produces aerosol particles having particle sizes between about 1 µm to about 5 µm (including but not limited to the eFlow Electronic Inhaler device described in the Suitability Petition) for use with compounded tobramycin formulations at concentrations of about 60 to about 200 mg/ml in unit dose volumes of 4.0 ml or less or the TOFIN™ formulation described in the Suitability Petition; and

3) Instructing doctors and patients how to administer the tobramycin formulations set forth above using the eFlow Electronic Inhaler by PARI or any other inhalation device which, like the eFlow Electronic Inhaler by PARI, has a rate of aerosol output of not less than about 4 µl/sec, delivers said compounded tobramycin formulation or said TOFIN™ formulation with a duration of nebulization of less than about 10 minutes, releases about 75% of the loaded dose, and produces aerosol particles having particle sizes between about 1 µm to about 5 µm (including but not limited to the eFlow Electronic Inhaler device described in the Suitability Petition).

Meanwhile, Defendants have not yet answered the Complaint which was served on August 1, 2005. Despite repeated requests, Defendants have not provided Chiron with their Initial Disclosures under FRCP 26(a)(1), which were due on August 19, 2005, nor have they provided Chiron with Preliminary Invalidity Contentions ("Contentions") that comply with Patent Local Rule 3-3. Defendants' Contentions served on August 22, 2005 consist of a mere listing of alleged prior art references, but they failed to 1) state "[w]hether each item of prior art anticipates each asserted claim or renders it obvious" and 2) include a claim "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." Moreover, Defendants have not produced any documents which were required to have been produced with Defendants' Contentions pursuant to Patent Local Rule 3-4.

To the contrary, Chiron has served Defendants with its Initial Disclosures and its Preliminary Infringement Contentions, which include a "chart identifying specifically where each element of each asserted claim is found within" the accused methods in compliance with Patent Local Rule 3-1. Chiron has also made available for Defendants' inspection documents associated with its Preliminary Infringement Contentions pursuant to Patent Local Rule 3-2. Despite having these materials, Defendants have not identified any claim terms, phrases, or clauses which it contends should be construed by the Court. As a result, Chiron is

3

unable to identify which claim terms, phrases, or clauses are in dispute and assumes that Defendants are not disputing the meaning of any claim terms, phrases, or clauses.

### Defendants' Statements

### Claim Construction Statement

It is correct that Defendants are not disputing the meaning of any claim term, phrase or clause in this proceeding. As a matter of law, a term in a patent must be used clearly and with a definite meaning through the specification and the claims. Each patent specification must conclude with claims "particularly pointing our and distinctly claiming the subject matter that the applicant regards as his invention." 35 U.S.C. § ¶ 2. The primary purpose of this requirement is "to guard against unreasonable advantages to the patentee and disadvantages to other arising from uncertainty as to their [respective] rights." *General Elec. Co., v. Wabash Appliance Corp.,* 304 U.S. 364, 369 (1938). The issue of infringement is deemed resolved as Chiron has not identified any claim terms, phrases or clauses that it believes need to be clarified to a scope different than the actual language of the claims.

Defendants intend to fill only those doctor prescriptions which are outside the parameters of the language of the claims as drafted. In *Netword,* the Federal Circuit stated: "The claims are directed to the invention that is described in the specification; they do not have meaning removed from the context in which they arose." *Netword, LLC v. Centraal Corp.,* 242 F.3d 1347, 1352 (Fed. Cir. 2001). For that reason, claims cannot "enlarge what is patented beyond what the inventor has described as the invention." *SciMed Lifesystems, Inc. v. Advanced Cardiovascular Systems, Inc.,* 242 F. 3d 1337, 1340-42, 1344 (Fed. Cir. 2001).

The Federal Circuit emphasized this same point in *Bell Atlantic Network Services, Inc., v. Covad Comm. Group, Inc.,* 262 F. 3d 1258 (Fed. Cir. 2001). In *Bell Atlantic*, the Federal Circuit held that, where the specification provides a consistent description of an aspect of the invention, the claims cannot be construed to be broader than that limiting characteristic. Thus, the Federal Circuit upheld a decision construing the claim term "mode" to be limited to the three modes of data transmission repeatedly disclosed in the specification.

4

*Id.* at 1274. The specification consistently used the term "mode" exclusively to refer to only three modes. *Id.* at 1270-73. Because the specification used the term "mode" in a manner consistent with only a single meaning, the patentee was deemed to have defined the term "mode" as limited to the three modes discussed in the specification. *Id.* at 1271. Here, the patent sets forth specific parameters for the claimed treatment. Chiron is limited to those limitations, without the need to proceed with any added analysis in a claim construction proceeding.

Taken together, the Federal Circuit's *SciMed, Netword and Bell Atlantic* decisions make clear that the specification informs what the claims mean because the specification discloses what the inventors actually invented. We do not need to proceed with claim construction to confirm what is already set forth in the claims.

Consistent usage of a given claim term in the specification (*e.g.,* the term "mode" used to refer only to thee modes in the specification) is the litmus test for determining whether and how the specification defines a term. *See also North American Vaccine, Inc., v. American Cyanamid Co.,* 7 F3d 1571, 1577 (Fed. Cir.), *cert. denied* 511 U.S. 1069 (1993) ("A patent applicant cannot disclose and claim an invention narrowly and then, in the course of an infringement suit, argue effectively that the claims should be construed to cover that which is neither described nor enabled in the patent."). It is the limitations in the claim to which Defendants will agree to be bound and will only fill prescriptions in a manner which avoids the claim limitations in the Chiron patent.

In *Aqua-Aerobics Sys., Inc. v. Aerators, Inc.,* 211 F.3d 1241, 1245 (Fed. Cir. 2000) the court held that claims must be read as they are written . . .even if such limitations are not physically possible or do not make sense. The court must construe claims based upon their plain meaning and resist the temptation to re-construe or reform claims. Here there is no basis or reason to re-construe or reform the claims. That resolves claim construction and it resolves this lawsuit.

5

As for what documents have been filed, Defendants' note that Chiron has attempted no discovery as to claim construction and that Chiron has taken no steps, as it cannot under the law, to expand the actual parameters set forth in the language of the claims.

By comparison, the issue of validity will be addressed in a reexamination proceeding which is being finalized for filing. Towards this end, Defendants did file Preliminary Invalidity Contentions, but currently intends to pursue those issues in the Patent Office.

### Defendants' Prehearing Statement

On August 18th Defendants' sent proposed language for a permanent injunction to resolve this case. That language is reproduced below:

*Defendants are preliminarily and permanently enjoined from:*

*1) Making, using, offering for sale, or selling in the United States a compounded tobramycin formulation specifically for use in the eFlow Electronic Inhaler by PARI or any other inhalation device which is prescribed to operate within the parameters set forth in the claims of the patent.*

*2) Defendants are preliminarily and permanently enjoined from inducing infringement of, or contributorily infringing the '907 patent by promoting the prescription of a compounded tobramycin formulation specifically for use in the eFlow Electronic Inhaler by PARI or any other inhalation device which is to be prescribed to operate within the parameters set forth in the claims of the patent.*

Defendants' by way of a communication have also contacted the Court to inform the Court that the Defendants have NO intention of fighting the lawsuit.

Instead of a timely response to the proposed injunction language, Chiron sent a demand for procedural filings that wound cost tens of thousands of dollars, will interfere with the parties negotiations towards a business resolution, and which ignores the fact Defendants

6

have offered language on which Chiron can declare a victory without spending an additional dollar. Defendants are agreeing to let Chiron win.

In the alternative, Defendants' asked that Chiron's counsel check with its client and get answers to the following questions:

1. *Will Chiron agree to dismiss the lawsuit, with the ability to refile? This would be coupled by an agreement that the Defendants will not to pursue a DJ action in any other District Court in the interim.*

2. *If Chiron will not dismiss the case, will Chiron agree to the proposed injunction language I have sent to you?*

3. *If Chiron will not dismiss the case, or agree to an injunction, will Chiron agree to a Stay the proceedings while we proceed through the reexamination process?*

As to the date of service, there was an issue as to the date of service, to which Chiron's counsel never responded. That is the reason no Answer has yet been filed. Since there has been no substantive response, the Defendants will now file its answer.

Accordingly, Defendants are preparing a motion asking that the Court enter an injunction, and stay or dismiss the case, while we proceed to reexamination.

In conclusion, it is correct that the Defendants are not currently planning to fight this case. Defendants have proposed that it reach a business deal with Chiron or that the parties agree to an injunction. Defendants will ask the Court to enter appropriate relief.

**Concurrence to the filing of this document was obtained from Richard P. Doyle, Jr. in compliance with General Order No. 45, Section X.**

                                                Respectfully submitted,

DATED: September 28, 2005                FARELLA BRAUN & MARTEL LLP

                                                By:_____/s/_____
                                                      Mark D. Petersen

                                              Attorneys for Plaintiff
                                              CHIRON CORPORATION

7

```
                              Gerald Sobel
                              Benjamin C. Hsing
                              Kimberly Branch Koch
                              KAYE SCHOLER LLP



                              JANSSEN DOYLE LLP

                              By:_____/s/_____
                                        Richard P. Doyle, Jr.

                              Attorneys for Defendants
```