Gerald Sobel
Benjamin C. Hsing (Appearing *Pro Hac Vice*)
Kimberly Branch Koch (Appearing *Pro Hac Vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022-3598
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8686

Mark D. Petersen (State Bar No.  111956)
Lucas Huizar (State Bar No.  227111)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 30th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Plaintiff
CHIRON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIRON CORPORATION,<br><br>                Plaintiff,<br><br>        vs.<br><br>SOURCECF, INC.; SOURCECF CLINICAL RESEARCH & DEVELOPMENT, L.L.C.; MAXOR NATIONAL PHARMACY SERVICES CORPORATION d/b/a IV SOLUTIONS; FOUNDATION CARE L.L.C.; and PHARMACEUTICAL SPECIALTIES, INC.,<br><br>                Defendants. | Case No.  C 05-01938 WHA<br><br>**[PROPOSED]**<br><br>**STIPULATED PROTECTIVE ORDER** |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, Plaintiff Chiron Corporation and Defendants SourceCF, Inc., SourceCF Clinical Research& Development, L.L.C., Maxor National Pharmacy Services

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.  C 05-01938 WHA

19796\860799.1

Corporation d/b/a IV Solutions, Foundation Care, L.L.C. and Pharmaceutical Specialties, Inc. (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.   DEFINITIONS**

2.1   Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter, including, without limitation, documents produced in this action, during formal discovery or otherwise; information produced by third parties which the Producing or Designating party is under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition, hearing or trial transcripts; affidavits, expert reports; memoranda of law; and tangible things or objects.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including all information that the Designating party believes constitutes a trade secret or other confidential research, development or commercial information, including, but not limited to, information which discloses or relates to processes, operations, research, technical or developmental information, production, marketing, sales, shipments or other proprietary data or information of commercial value. Information originally designated as

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.  C 05-01938 WHA         - 2 -         19796\860799.1

"Confidential" pursuant to this Order shall not retain Confidential status after any ruling by any Court denying it such status.

   2.4  "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

   2.5  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

   2.6  Producing Party: a Party or non-Party that produces Disclosure or Discovery Material in this action.

   2.7  Designating Party: a Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

   2.8  Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Information or Items.

   2.9  Outside Counsel: the attorneys of record from Kaye Scholer LLP, Farella Braun & Martel LLP and Janssen Doyle LLP in this action.

   2.10  House Counsel: attorneys who are employees of a Party.

   2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

   2.12  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an

/////

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. C 05-01938 WHA   - 3 -   19796\860799.1

employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

      2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.**    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.**    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.**    **DESIGNATING PROTECTED MATERIAL**

      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other Parties), expose the Designating Party to sanctions.

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. C 05-01938 WHA      - 4 -      19796\860799.1

1    If it comes to a Party's or a non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    **Manner and Timing of Designations.**  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.

A Party or non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. C 05-01938 WHA

- 5 -

19796\860799.1

1  testimony that is entitled to protection, and when it appears that substantial portions of the
2  testimony may qualify for protection, the Party or non-Party that sponsors, offers, or gives the
3  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to
4  have up to 20 days to identify the specific portions of the testimony as to which protection is
5  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY
6  CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that
7  are appropriately designated for protection within the 20 days shall be covered by the provisions
8  of this Stipulated Protective Order.

9  Transcript pages containing Protected Material must be separately bound
10 by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or
11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or
12 nonParty offering or sponsoring the witness or presenting the testimony.

13 (c) for information produced in some form other than documentary,
14 and for <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the
15 exterior of the container or containers in which the information or item is stored the legend
16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

17 (d) <u>Inadvertent Failures to Designate</u>.  If timely corrected, an
18 inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or
19 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive
20 the Designating Party's right to secure protection under this Order for such material.  If material
21 is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
22 ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on
23 timely notification of the designation, must make reasonable efforts to assure that the material is
24 treated in accordance with the provisions of this Order.

25 **6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

26 6.1 <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's
27 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
28 economic burdens, or a later significant disruption or delay of the litigation, a Party does not

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.  C 05-01938 WHA                - 6 -                                19796\860799.1

waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case for prosecuting, defending, or attempting to settle this litigation. Protected Material may not be used for any other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. C 05-01938 WHA - 7 - 19796\860799.1

terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   House Counsel, legal assistants supporting House Counsel, and up to three designated employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)   the author or recipient of the document or the original source of the information.

7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

/////

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.  C 05-01938 WHA   - 8 -   19796\860799.1

1	    (a) the Receiving Party's Outside Counsel of record in this action, as
2	well as employees of said Counsel to whom it is reasonably necessary to disclose the information
3	for this litigation;
4	    (b) Experts (as defined in this Order) to whom disclosure is reasonably
5	necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective
6	Order" (Exhibit A);
7	    (c) the Court and its personnel;
8	    (d) court reporters, their staffs, and professional vendors to whom
9	disclosure is reasonably necessary for this litigation; and
10	    (e) the author of the document or the original source of the
11	information.
12	  7.4 Procedures for Approval and Disclosure of "HIGHLY CONFIDENTIAL –
13	ATTORNEYS' EYES ONLY" Information or Items to "Experts"
14	    (a) Unless otherwise ordered by the Court or agreed to in writing by
15	the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any
16	information or item that has been designated either "CONFIDENTIAL" or "HIGHLY
17	CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the
18	Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her
19	primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's
20	current employer(s), and (4) identifies any litigation in connection with which the Expert has
21	provided any professional services during the preceding five years.
22	    (b) A Party that makes a request and provides the information specified
23	in the preceding paragraph shall not disclose the subject Protected Material to the identified
24	Expert until three business days after delivering the request.  If, within three business days of
25	delivering its request, the Party making the request receives a written objection from the
26	Designating Party, the Parties shall follow the procedures outlined below, and the Party
27	/////
28	/////

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.  C 05-01938 WHA - 9 - 19796\860799.1

1  requesting expert access shall not disclose the subject Protected Material to the identified expert
2  without leave of Court.  Any objection to expert access by the Designating Party must set forth in
3  detail the grounds on which the objection is based.

4      (c)    A Party that receives a timely written objection must meet and
5  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the
6  matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the
7  Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local
8  Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must
9  describe the circumstances with specificity, set forth in detail the reasons for which the disclosure
10 to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and
11 suggest any additional means that might be used to reduce that risk.  In addition, any such motion
12 must be accompanied by a competent declaration in which the movant describes the Parties'
13 efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer
14 discussions) and sets forth the reasons advanced by the Designating Party for its refusal to
15 approve the disclosure.

16     In any such proceeding the Party opposing disclosure to the Expert shall
17 bear the burden of proving that the risk of harm that the disclosure would entail (under the
18 safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to
19 its Expert.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

23 If a Receiving Party is served with a subpoena or an order issued in other litigation
24 that would compel disclosure of any information or items designated in this action as
25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the
26 Receiving Party must so notify the Designating Party, in writing by fax immediately and in no
27 event more than three court days after receiving the subpoena or order.  Such notification must
28 include a copy of the subpoena or court order.

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.  C 05-01938 WHA
- 10 -
19796\860799.1

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of documents or information

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. C 05-01938 WHA - 11 - 19796\860799.1

1  shall be handled as follows, but is without prejudice to the right of any party to apply to the Court
2  for further protection or disclosure relating to discovery:

3     11.1. Immediately after receiving written notice from the Producing Party that
4 documents or information subject to the attorney client privilege, work product immunity, or
5 otherwise immune from discovery has been inadvertently produced, the Receiving Party shall not
6 copy or disseminate such documents or information, and, subject to Paragraph 11.2 herein, the
7 Receiving Party shall return such documents or information and any copies to the producing party
8 within fourteen (14) business days.

9     11.2. Upon written notification by the Producing Party of an inadvertent
10 production and request for return of all originals and copies, the Receiving Party shall return the
11 inadvertently produced documents or information (and return or certify in writing to the
12 destruction of all copies thereof) within fourteen (14) business days of receiving the Producing
13 Party's written request for return, unless the receiving party has a good faith basis for asserting
14 that the information is not protected by any privilege or immunity. If the Receiving Party
15 believes it has a good faith basis for challenging the privilege claim, the Receiving Party need not
16 return such material until ordered to do so by a final order of the District Court. Within fourteen
17 (14) business days after receipt of the Producing Party's request for return, counsel of record for
18 the Receiving Party shall provide counsel of record for the Producing Party with a written
19 explanation of the good faith basis for refusing to return the inadvertently produced documents or
20 information. In the event that the inadvertently produced documents or information is not
21 returned based upon the Receiving Party's timely written explanation of the good faith basis for
22 refusing to return those documents or material, the Producing Party has fourteen (14) business
23 days from receipt of the Receiving Party's written explanation to file a motion seeking an order
24 compelling the return of the inadvertently produced documents or information. Failure of the
25 Producing Party to file such a motion within fourteen (14) business days from receipt of the
26 Receiving Party's written explanation waives any claim of privilege or immunity as to the
27 inadvertently produced documents or information only.
28 /////

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. C 05-01938 WHA - 12 - 19796\860799.1

Once an inadvertently produced document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the Producing Party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

**12.  FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**13.  MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person or Party to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. C 05-01938 WHA — - 13 - — 19796\860799.1

producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**STIPULATED TO:**

DATED: January ___, 2006                FARELLA BRAUN & MARTEL LLP


By: _____/s/_____
   Mark D. Petersen

Gerald Sobel
Benjamin C. Hsing
Kimberly Branch Koch
KAYE SCHOLER LLP

Attorneys for Plaintiff
CHIRON CORPORATION

DATED: January ___, 2006                JANSSEN DOYLE LLP


By: _____
   Richard P. Doyle

Attorneys for Defendants
SOURCECF, INC.; SOURCECF CLINICAL
RESEARCH & DEVELOPMENT, L.L.C.;
MAXOR NATIONAL PHARMACY SERVICES
CORPORATION d/b/a IV SOLUTIONS;
FOUNDATION CARE L.L.C.; and
PHARMACEUTICAL SPECIALTIES, INC.

**SO ORDERED:**

DATED: January ___, 2006
                                        _____
                                        Hon. William H. Alsup
                                        United States District Judge

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. C 05-01938 WHA

- 14 -

19796\860799.1

# Exhibit A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of <u>Chiron Corporation v. SourceCF, Inc.; SourceCF Clinical Research & Development, L.L.C.; Maxor National Pharmacy Services Corporation d/b/a IV Solutions; Foundation Care L.L.C.; and Pharmaceutical Specialties, Inc.</u>, Civil Action No. 05-01938.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will never disclose any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA  94104
(415) 954-4400