**United States District Court**
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   CHIRON CORPORATION,                        No. C 05-01938 WHA

11              Plaintiff,

12      v.                                       **ORDER DENYING
                                                 DEFENDANTS' MOTION TO
13   SOURCECF, INC., SOURCECF CLINICAL          PERMIT FILING OF FIRST
     RESEARCH & DEVELOPMENT, L.L.C.,            AMENDED ANSWER AND
14   MAXOR NATIONAL PHARMACY                     COUNTERCLAIM**
     SERVICES CORPORATION d/b/a IV
15   SOLUTIONS, FOUNDATION CARE L.L.C.,
     and PHARMACEUTICAL SPECIALTIES,
16   INC.,

17              Defendant.

18   _____/

19        In this patent-infringement action, defendants now seek leave to amend their answer to

20   add for the first time the affirmative defenses of non-infringement, prosecution-history estoppel,

21   patent invalidity for indefiniteness and patent misuse and to assert a counterclaim for

22   declaratory judgment with respect to non-infringement and patent invalidity.  Good cause has

23   not been shown to allow this eleventh-hour request.  Defendants' motion is **DENIED.**

24                              **STATEMENT**

25        On May 10, 2005, plaintiff initiated this patent-infringement action.  Plaintiff alleged

26   that defendants willfully infringed U.S. Patent No. 6,890,907.  The first case-management order

27   was issued July 14, 2005.  Therein, it stated that "any new parties or pleading amendments must

28

United States District Court

For the Northern District of California

1  be sought by **AUGUST 19, 2005**" (Case Management Order)(emphasis in original).

2  Defendants filed their answer on September 28, 2005 denying infringement.  No affirmative

3  defenses of non-infringement, prosecution-history estoppel, patent invalidity for indefiniteness

4  or patent misuse were alleged at that time.  Nor was there a counterclaim for declaratory

5  judgment.

6      During the hearing on November 30, 2005, it appeared that this case had been fully

7  resolved except for the issue of whether defendants' new 50 mg/ml tobramycin formulation

8  infringes the patent at issue.  The parties jointly represented that no claim construction was

9  necessary.  Due to the limited issue to be tried, the schedule was revised.  The trial was moved

10  forward from September 5, 2006 to April 17, 2006.

11      Defendants filed the present motion for leave to amend on December 13, 2005.

**ANALYSIS**

12

13  **1. LEGAL STANDARD.**

14      Leave to amend a complaint shall be freely given when justice so requires under Federal

15  Rule of Civil Procedure 15(a).  Rule 15(a), however, does not apply when a district court has

16  established a deadline for amended pleadings under Rule 16(b).  *See Johnson v. Mammoth*

17  *Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Once a scheduling order has been

18  entered, subsequent amendments are not allowed without first a request to modify the

19  scheduling order.  *Id*. at 608-09.  A party's failure to seek modification for the scheduling order

20  is a ground to deny the untimely motion.  *Ibid*.  (citation omitted).  Even if sought, any

21  modification must be based on a showing of good cause.

22      Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party
        seeking the amendment. . . . Although the existence or degree of prejudice to the
23      party opposing the modification might supply additional reasons to deny a
        motion, the focus of the inquiry is upon the moving party's reasons for seeking
24      modification.  If that party was not diligent, the inquiry should end.

25  *Id*. at 609 (citation omitted).

26  **2. FAILURE TO SHOW DILIGENCE.**

27      In the present motion, defendants contend that the reason their answer did not contain

28  assertions of non-infringement or invalidity was because they agreed to stop filling

2

**United States District Court**
For the Northern District of California

1  prescriptions at concentrations of 95 mg/ml of tobramycin.  Defendants now seek leave to

2  amend their answer to add the affirmative defenses of non-infringement, prosecution-history

3  estoppel, patent invalidity for indefiniteness and patent misuse and to assert a counterclaim for

4  declaratory judgment.

5      The deadline for seeking leave for pleading amendment was August 19, 2005.

6  Defendants have not asked leave for modification of the scheduling order.  This is ground for

7  denial.  *Id.* at 608-09.

8      In addition, defendants have not shown diligence in seeking this amendment.  The

9  complaint was filed on May 10, 2005.  The complaint clearly identified the '907 patent as the

10  patent at issue.  Patents are publicly available.  There is no reason why defendants, at that time,

11  could not have alleged non-infringement or invalidity due to indefiniteness of the phrase "about

12  60 mg/ml to about 200 mg/ml of tobramycin."

13      Defendants' claim of patent misuse is also untimely.  At the very least, defendants were

14  aware on October 20, 2005 that plaintiff would likely consider a concentration of 50 mg/ml of

15  tobramycin to be infringing.  It is unclear why defendants delayed bringing this motion until

16  December 13, 2005.

17      Amendment at this stage of the proceedings is not warranted for the additional reason

18  that it would seriously prejudice plaintiff.  For instance, the non-expert discovery cut-off date is

19  February 24, 2006 and the trial date is quickly approaching.  It would be particularly difficult to

20  complete discovery on all these new issues.

21                                        **CONCLUSION**

22      For these reasons, this motion is **DENIED.**

23

24      **IT IS SO ORDERED.**

25  Dated:  January 19, 2006

26                                        WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE

27

28